[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff moves to substitute Bankers Trust Company as plaintiff in this suit and defendants object on the grounds that Bankers Trust Company lacks standing. Technically, defendants' objection goes not to plaintiffs motion to substitute, but, after the motion is granted, to dismissing the action for want of jurisdiction. The parties have briefed and argued the pending motion in that vein and the court will so address it.
Recognizing jurisdiction was implicated, the court held an extended hearing. Based on that hearing, the court finds the following facts:
On December 30, 1986 defendants executed a promissory note to the order of Citicorp Person-to-Person Financial Center of CT Page 6613 Connecticut, Inc. in the principal amount of $94,000, secured by a mortgage on property at 8 Charing Road, South Windsor, Connecticut. The note was endorsed and the mortgage assigned to Citicorp Homeowners' Inc. On or about September 30, 1987 Citicorp Homeowners, Inc. changed its name to Citicorp Mortgage, Inc. Thereafter, an allonge was appended to the note endorsing it to Security Pacific National Bank (hereafter SPN Bank) as Trustee under a Pooling and Servicing Agreement with Citicorp Mortgage Securities, Inc., without recourse. That endorsement was executed by Sandra Hudson, an assistant secretary of Citicorp Mortgage, Inc. The mortgage, however, was assigned to Security Pacific National Trust Company (Hereinafter SPN Trust), as Trustee.
It was the intention of Sandra Hudson, as she testified, to endorse the note to SPN Trust because it was the customary practice of Citicorp Mortgage to endorse the note and assign the mortgage to the same entity. Further evidence that the note and mortgage were to pass to SPN Trust Company, rather than SPNBank, was that the Pooling and Servicing Agreement naming SPN Trust Company as Trustee included defendants' mortgage as an asset of that trust, and the Pooling and Servicing Agreement naming SPN Bank as Trustee did not.
At all times Citicorp Mortgage, Inc. retained custody of the defendants' note which was never physically delivered to Security Pacific National Bank.
When the mistaken endorsement of the note to SPN Bank was discovered, it was voided by an officer of Citicorp Mortgage, Inc. and the note was endorsed to SPN Trust Company, Trustee under a Pooling and Servicing Agreement with Citicorp Mortgage Securities, Inc.
On January 1, 1993 SPN Trust Company changed its name to BankAmerica National Trust Company. Subsequently, Bankers Trust Company purchased the trust division of BankAmerica National Trust Company. On or about September 1, 1996 the latter company merged with and into BankAmerica National Trust Savings Association, which company endorsed and assigned defendants' note and mortgage to Bankers Trust Company, the entity seeking to be the substituted plaintiff in this action.
Defendant argues that the chain of title of defendants' note does not run to Bankers Trust Company because an endorsement was made to SPN Bank and that endorsement was not validly voided. CT Page 6614 There is no merit to this claim.
The Uniform Commercial Code, C.G.S. 42a-1-101 et seq. at § 42a-3-110(a) provides:
 "The person to whom an instrument is initially payable is determined by the intent of the person., signing . . . the instrument. The instrument is payable to the person intended by the signer even if that person is identified in the instrument by a name or other identification that is not of the intended person."
Here the court finds Sandra Hudson, an officer of Citicorp Mortgage, Inc., mistakenly endorsed defendants' note to SPN Bank
when she intended to endorse the defendants' note to SPN Trust to which she had assigned defendants' mortgage and which was the trustee of the Pooling and Servicing Agreement listing defendants' note and mortgage as an asset. Thus, there was never a valid endorsement to SPN Bank.
Further, the evidence is the defendants' note was never negotiated to SPN Bank. Section 42a-3-20(a) defines negotiation as "a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes the holder."
Subsection (b) provides, ". . . if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its endorsement by the holder."
The UCC Official Comment to this section states: "Negotiation always requires a change in possession of the instrument because nobody can be a holder without possessing the instrument, either directly or through an agent." UCC Official Comment, C.G.S.42a-3-201, par. 1.
Defendants' note was never physically delivered to SPN Bank. Thus, no negotiation was effectuated to SPN Bank.
When Citicorp Mortgage, Inc. discovered the mistaken endorsement it voided it. Consequently, even if there had been a negotiation to SPN Bank, which there was not, § 42a-3-202
clearly provides that a negotiation may be rescinded. Citicorp Mortgage, Inc. did that by a duly authorized officer. CT Page 6615
It then endorsed the note to SPN Trust as it had intended to do and, effectively transferred possession of the note to SPN Trust by acknowledging it was retaining it as custodial agent for SPN Trust. Thus there was a valid negotiation to SPN Trust.
The one clear fact that establishes the standing of Bankers Trust Company to prosecute this action is that Bankers Trust Company possesses the defendants' note and has presented it in court. Section 42a-3-301, provides: `"Person entitled to enforce instrument' means: (i) the holder of the instrument, (ii) a non-holder in possession who has the rights of a holder.
Section 42a-1-201(20) defines a "holder" as "the person in possession of the instrument if payable to bearer or, in the case of an instrument payable to an identified person, if the identified person is in possession."
Thus, a holder of a note is one (a) who is in possession of a note; and (b) to whom the note is endorsed.
Here, Bankers Trust Company is in physical possession of the note and the named final endorsee. Accordingly, Bankers Trust Company is entitled to enforce the note, pursuant to §42a-3-301.
Defendant claims that no evidence was presented that Bank of America National Trust Savings Association (hereinafter BANTSA) the predecessor in interest to Bankers Trust Company qualified as a trustee of the trust created by the pertinent Pooling and Servicing Agreement by having the required "combined capital and security of at least $30,000,000."
The facts are that BANTSA, the holder of defendants' note, endorsed it to Bankers Trust and did not act as Trustee under the Pooling and Servicing Agreement. Moreover, defendants are not entitled to raise the Trustee's eligibility as a defense in this action. Under the terms of that agreement, the only person who can challenge the Trustee's status are the settlor, Citicorp Mortgage Securities, Inc., or the certificate holder beneficiaries. Furthermore, trust law prohibits such claims. "A stranger to a trust, when sued by the Trustee, cannot set up as a defense a violation of the rights of the Trust by the Trustee." 90 C.J.S. Trusts, § 363(a).
Finally, § 42a-3-306 provides a non-holder in due course CT Page 6616 may be subject to claims of another person but § 42a-3-305(c) provides the obliger may not assert such claim as a defense unless such person is joined in the action. This defendant has failed to do.
As its last defense, defendants assert Bankers Trust Company is not a proper plaintiff because defendants note and mortgage were transferred to Bankers Trust Company as Trustee. The short answer to this claim is that, as the Restatement Second of Trusts, at § 280, provides, "The Trustee can maintain such actions at law or suits in equity . . . against a third person as he could maintain if he held the trust property free of trust." Subsection (h) of the comments to this motion state,
 "How Trustee sues. In an action brought by Trustee . . . it is unnecessary for the Trustee in the pleadings or other proceedings to describe himself as Trustee. He can proceed in the action as though the owner of the claim which he is enforcing. If he does describe himself as Trustee, the description is treated as surplusage."
Thus, this court grants plaintiff's motion to substitute Bankers Trust Company as party plaintiff in this action and determines that Bankers Trust Company has standing as such.
Robert Satter, Judge Trial Referee